### HAMLIN v. SAMMONS et al.

Court of Appeals of Kentucky.

Oct. 9, 1953.

L. O. Siler, Williamsburg, for appellant.

W. B. Early, Williamsburg, for appellees.

STANLEY, Commissioner.

The judgment confirms an award of workman's compensation to the appellee, Steely Sammons, for total disability from injury suffered in a mine. A reversal is sought on the sole ground that Sammons was not an employee of the appellant, O. L. Hamlin, but of an independent contractor, and that fact being conclusively established, the decision of the Board was erroneous.

Sammons had been employed for some time in a truck mine owned and operated by Hamlin. He was severely injured on February 1, 1950. Hamlin opposed his claim for compensation on the ground he was then employed by Herman Click, an independent contractor. Hamlin, Click, and another witness testified that Hamlin had recently entered into a verbal contract or lease with Click and Zola Frederick under which for $2.25 a ton they independently mined the coal and delivered it at the mouth of the mine to Hamlin. Frederick withdrew from the operations in a short while and they continued under Click, who, it was testified, had complete control and the right to "hire and fire," a touchstone of an independent contractor. But Click as Sammons' foreman had had that authority and had managed the mine before the new arrangement. Sammons had no knowledge of any such change and had continued to work as before. Notwithstanding the categorical testimony of the oral contract or lease, Hamlin had remained around the mine and exercised, so far as Sammons could see, substantially the same oversight. Click testified the agreement provided that Hamlin should "take care of all compensation insurance" and Hamlin testified that he had in fact continued to have the risk carried for his own protection. He had made up the payroll and given the money to Click, who in turn paid the men. Hamlin had deducted social insurance and income taxes from the wages and had paid over the same to the government. There are other weak spots in the claim of the relationship of an independent contractor.

This case is ruled by Bituminous Casualty Corp. v. Johnson, Ky., 259 S.W.2d 448, in which the facts are very similar.

The judgment is affirmed.